**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| ALLSTATE LIFE INSURANCE COMPANY, | CASE NO. 15cv2211 JM(BGS) |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING LEAVE TO AMEND |
| v. | |
| SAAD ATTISHA, | |
| Defendant. | |

Defendant Saad Attisha ("Mr. Attisha") moves to dismiss two of the six claims alleged by Plaintiff Allstate Life Insurance Company ("Allstate"). Allstate opposes the motion and requests leave to amend to add a Money Had and Received claim. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court grants in part and denies in part the motion to dismiss and grants Allstate 15 days leave to amend from the date of entry of this order to file a First Amended Complaint.

**BACKGROUND**

On October 2, 2015, Allstate commenced this diversity action by alleging six claims for relief: (1) Unjust Enrichment; (2) Conversion; (3) Constructive Trust; (4) Temporary Restraining Order; (5) Preliminary Injunctive Relief; and (6) Permanent Injunctive Relief. In broad brush, Allstate seeks to recover $374,964.74 in monies inadvertently paid to Mr. Attisha as guardian ad litem for Renee Attisha ("Renee").

On July 19, 1988, the Superior Court of California, San Diego County, approved the settlement of a personal injury claim in <u>In the Matter of the Disputed Claim of Renee Attisha, a Minor, by and through her Guardian ad Litem, Saad "Steve" Attisha</u>, Case No. BE598257. (Compl. ¶13). Mr. Attisha, as guardian ad litem for Renee, and Fire Insurance Exchange entered into a settlement agreement (the "Settlement Agreement") which required payments, beginning on August 20, 1988, increasing by 3% annually, for 10 years guaranteed and then for the life of Renee, to be issued to Mr. Attisha as guardian at litem. (Compl. ¶¶13-14).[1]

Unbeknownst to Allstate, Renee died on January 7, 1990. Payments, according to the Settlement Agreement, should have ceased after August 1998. Mr. Attisha never informed Allstate of Renee's death. Allstate alleges that it learned in May 2015 that Renee had died and at that time stopped making payments to Mr. Attisha. The Complaint specifically alleges that Allstate conferred a benefit upon Mr. Attisha in the amount of $374,964.74 and that it would be unjust for Mr. Attisha to retain the benefits.

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) provides that dismissal is proper only in "extraordinary" cases. <u>United States v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the

---

[1] Fire Insurance Exchange assigned the obligation to make payments to Allstate Settlement Corporation who purchased the annuity from Allstate to fund the payments called for in the Settlement Agreement. (Compl. ¶¶ 2, 15, 16).

mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Unjust Enrichment Claim**

Plaintiff is correct that California law does not recognize a standalone cause of action for unjust enrichment. "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." Melchior v. New Line Productions, Inc., 106 Cal.App. 4th 779, 793 (2003).

Technically, Plaintiff's argument has merit. California law does not recognize a standalone cause of action for "unjust enrichment." The Ninth Circuit recently, and directly, addressed this argument.

> As the district court correctly noted, in California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.' Durell v. Sharp Healthcare, 183 Cal.App. 4th 1350, 108 Cal.Rptr3d 682, 699 (2010). However, unjust enrichment and restitution are not irrelevant in California law. Rather, they describe the theory underlying a claim that a defendant has been unjustly conferred a benefit

"through mistake, fraud, coercion, or request." 55 Cal. Jur. 3d Restitution § 2. The return of that benefit is the remedy "typically sought in a quasi-contract cause of action." Id.; see Munoz v. MacMillan, 195 Cal.App.4th 648, 124 Cal.Rptr.3d 664, 675 (2011) ("Common law principles of restitution require a party to return a benefit when the retention of such benefit would unjustly enrich the recipient; a typical cause of action involving such remedy is 'quasi-contract.' "). When a plaintiff alleges unjust enrichment, a court may "construe the cause of action as a quasi-contract claim seeking restitution." Rutherford Holdings, LLC v. Plaza Del Rey, 223 Cal.App.4th 221, 166 Cal.Rptr.3d 864, 872 (2014).

Astiana v. Hain Celestial Group, Inc., 783 F.3d 753, 762 (2015).

Consistent with Federal Rule of Civil Procedure 1 (The rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding."), and construing the unjust enrichment claim as one arising in quasi-contract, the court denies the motion. The complaint adequately informs Plaintiff of the nature of this claim. Plaintiff is alleged to have received substantial financial benefits to which he was not entitled because Allstate mistakenly believed that Renee was alive as late as May 2015, when, in fact, Renee died in 1990, and payments should have ceased in July 1998, the date when the ten-year guaranteed period of payments expired. See Prakashpalan v. Engstrom, Lipscomb & Lack, 223 Cal.App.4th 1105, 1132 (2014) (One is unjustly enriched where he or she receives a benefit and unjustly retains the benefit at the expense of another). Nothing more is required to state a claim.

In sum, the court denies the motion to dismiss the unjust enrichment claim.

**The Constructive Trust Claim**

Plaintiff correctly argues that a "constructive trust is an equitable remedy, not a substantive claim for relief." PCO, Inc. v. Christensen, Miller, Fin,. Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal.App. 4th 384, 398 (2007). The court notes that the Complaint's remedy allegations do not request the imposition of a constructive trust. While some courts have permitted separate causes of action for constructive trust, see Clifford v. Concord Music Corp., 2012 U.S. Dist. LEXIS 14084 (N.D. Cal. Feb. 6, 2012), the better practice is to provide notice in the Complaint's remedy section that

1  Allstate seeks the imposition of a constructive trust (in addition to setting forth the
2  factual basis for the remedy in the body of the complaint).
3      In sum, the court grants the motion to dismiss the constructive trust claim, with
4  leave to amend.

**Leave to Amend**

6      Allstate requests leave to amend to assert a Money Had and Received cause of
7  action.  Pursuant to Fed.R.Civ.P. 15 (a), leave is to be freely given.  Accordingly, the
8  courts grants Allstate leave to amend to state any additional causes of action and to
9  correct deficiencies identified in the Complaint.
10     In sum, the court denies the motion to dismiss the unjust enrichment claim, grants
11  the motion to dismiss the constructive trust claim, and grants Allstate 15 days leave to
12  amend from the date of entry of this order.
13     **IT IS SO ORDERED.**
14  DATED: June 9, 2016

16  JEFFREY T. MILLER
    United States District Judge

17  cc:    All parties